CHAD A. BOWERS, LTD.
Chad A. Bowers, Esq.
Nevada Bar #7283
3202 W. Charleston Bvld.
Las Vegas, Nevada 89102
(702) 457-1001

Counsel for **ERIK WEBSTER**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent/Plaintiff,<br><br>vs.<br><br>ERIK WEBSTER, et. al,<br><br>　　　　Movant/Defendant. | 2:09-cr-00113-GMN<br><br>**REQUEST TO APPOINT COUNSEL DURING 2255 PROCEEDINGS**<br><br>**AND ORDER** |

COMES NOW Chad A. Bowers, Esq. hereby requests that this Court appoint the Office of the Federal Public Defender as counsel in order to assist Webster with his 2255 Motion in the above action.

Chad A. Bowers, Esq. represented Webster at sentencing and on direct appeal and is, therefore familiar with the facts attendant to Webster's conviction and sentence. Counsel has discussed the issues raised by Webster and believes that there may be meritorious issues of some complexity and Webster has been represented by appointed counsel and due to his incarceration is still eligible to receive appointed counsel and that appointment of counsel is warranted in the interests of justice. See 18 U.S.C. § 3006A(a)(2)(B).

///

///

///

///

///

This Motion is based on the attached Points and Authorities, 28 U.S.C. § 2255, 18 U.S.C. § 3006A, and the United States Constitution.

DATED this 3rd Day of September, 2013.

Respectfully submitted,

_____/s_____
CHAD A. BOWERS, ESQ.

## **POINTS AND AUTHORITIES**

Webster was sentenced to 300 months by this court after being convicted of conspiring to traffic five or more kilograms of cocaine (in violation of 21 U.S.C. 841 (a)1 and 846) as well as conspiracy to launder money (in violation of U.S.C. 1956(h)). He appealed his conviction which was affirmed by the 9th Circuit court of appeals in an unpublished memorandum and the mandate was spread in March of 2013.

In that direct appeal Webster, through current counsel, raised an issue that there was potentially a plea agreement that may have been offered which may or may not have been communicated to Webster. Although in abundance of caution this issue was raised at sentencing in this case and then again on appeal the 9th Circuit states that the record was not developed well enough for them to entertain that claim and that if Webster wanted to raise such a claim he needed to "burnish the records in support of his claim" as part of a motion made pursuant to 28 U.S.C. 2255. There are other claims that Counsel anticipates bringing in connection with a motion made under 28 U.S.C. 2255, counsel is seeking appointment to help Mr. Webster with this and other claims.

Mr. Webster received an extremely lengthy claim and Counsel has had concerns about his mental condition since beginning to represent Mr. Webster. Counsel has never before taken the unusual procedural step of asking to be involved in a 2255 claim prior to a defendant filing a motion, however, in this instance based on the length of Mr. Webster's conviction as well as Mr. Webster's mental condition and the other facts and circumstances in this case Counsel felt compelled to request assistance from the Court on Webster's behalf. Counsel has advised Mr. Webster that the timely filing of a 2255 is ultimately Mr. Webster's responsibility but hopes that this Court will entertain counsel's motion in a timely fashion.

//
//
//
//
//

## CONCLUSION

Title 18 U.SC. §3006A, provides that counsel may be appointed to a habeas petitioner who is financially unable to obtain representation whenever "the interests of justice so require ...." See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); cf. 18 U.S.C. § 3006A(a)(2)(B). The interests of justice would be served by the appointment of counsel.

For these reasons, Chad A. Bowers, Esq. respectfully requests this Court appoint him to represent Webster throughout the course of post-conviction proceedings.

Respectfully submitted,

_____/s/_____
Chad A. Bowers, Esq.

## ORDER

**IT IS SO ORDERED** this 7th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge